[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12460
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:08-cv-00952-JES-SPC

LORI SMITH,

                                        Plaintiff-Appellant,

versus

NAPLES COMMUNITY HOSPITAL, INC.,
a Florida not-for-profit corporation,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 7, 2011)

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Lori Smith appeals the district court's grant of summary judgment in favor of

the defendant, Naples Community Hospital, Inc. ("NCH"), as to her claims of a gender-based hostile work environment, retaliatory elimination of her position and termination, and discriminatory elimination of her position and termination in violation Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a), and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.10(1), (7).

Smith raises four arguments on appeal. First, Smith argues that the district court erred in granting NCH summary judgment on her hostile-work-environment claim because she demonstrated that she suffered objectively severe or pervasive harassment. Next, Smith argues that the district court erred in granting summary judgment to NCH on her retaliation claim because (A) NCH failed to articulate legitimate, non-retaliatory reasons for eliminating her position and terminating her employment, as it could not identify the decision-maker responsible, or the reasons, for the elimination of her position and subsequent termination; and alternatively, (B) Smith presented sufficient evidence to show that NCH's legitimate, non-retaliatory reasons for eliminating her position and terminating her employment were pretextual. Finally, Smith argues that the district court erred in finding that she failed to establish a *prima facie* case of gender discrimination in relation to her termination.

Relevant to the instant appeal, the record supports that Smith worked as the Administrative Director for Oncology Services ("ADOS") at NCH and, in that capacity, she provided administrative oversight for many of NCH's oncology-related departments, including its medical oncology physician practice group and its radiation oncology practice. Smith came under the supervision of Kevin Cooper, and she alleged that Cooper's behavior toward her on many occasions created a hostile work environment. NCH closed its medical oncology physician practice group and sold its radiation oncology practice. Smith's position as ADOS was eliminated and her employment was terminated shortly thereafter. NCH submitted that the elimination of Smith's position was due to a legitimate business reason—Smith's remaining duties as ADOS did not justify her continued employment. Smith argues on appeal, however, that the elimination of her position and termination was a pretext for retaliation and discrimination.

We review a district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1242 (11th Cir. 2001). We draw all factual inferences in a light most favorable to the non-moving party. *Id.* at 1243. Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). The

3

moving party bears the burden of production. *Fickling v. United States*, 507 F.3d 1302, 1304 (11th Cir. 2007). If the moving party meets this burden, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." *Id.* "Speculation does not create a genuine issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (quotation omitted). We have stated that "the plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Johnson*, 263 F.3d at 1243 (quotations and alteration omitted). Ultimately, we "may affirm a judgment on any legal ground, regardless of the grounds addressed and relied upon by the district court." *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1235-36 (11th Cir. 2004).

Both Title VII and the FCRA prohibit employers from discriminating "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex" or in retaliation for making a charge of sex-based discrimination. 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a); Fla. Stat. § 760.10(1)(a), (7). Because the FCRA is patterned after Title VII, courts generally apply Title VII case law to discrimination claims brought

4

under the FCRA. *Wilbur v. Corr. Servs. Corp.*, 393 F.3d 1192, 1195 n.1 (11th Cir. 2004). Accordingly, we will not separately analyze Smith's FCRA claims.

I.

Under Title VII, a hostile-work-environment claim is established through proof that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993) (quotations and citation omitted). In order to establish a hostile-work- environment claim, a plaintiff must show that (1) she belongs to a protected group, (2) she has been subject to unwelcome harassment, (3) the harassment was based on a protected characteristic, (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatory abusive working environment, and (5) the employer is responsible for such environment under either a theory of vicarious or of direct liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

Only the fourth element is at issue in this appeal. Either severity or pervasiveness suffices to establish the fourth element. *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010) (*en banc*). Additionally, the

fourth element of the hostile-work-environment test contains both a subjective and objective component. The employee must "subjectively perceive" the harassment as severe or pervasive enough to change the terms or conditions of employment, and the district court must find that this perception was objectively reasonable. The objective severity or pervasiveness of harassment "should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Reeves*, 594 F.3d at 809 (quotations omitted).

On this record, we find no reversible error in the district court's conclusion that Smith failed to show that she suffered from severe or pervasive harassment that changed the conditions of her employment. The district court did not err in finding that Smith produced sufficient evidence to create an issue of fact as to whether Cooper's conduct was prompted by gender animus because there was record evidence that Cooper treated women differently than he treated men and that his differential treatment was based on gender and was disadvantageous to women. Likewise the court did not err in finding that Smith failed to establish that the alleged harassment was sufficiently severe or pervasive. Much of the conduct of which Smith complained did concern annoyances and communication issues that did not come close to creating a hostile work environment. Smith's "more substantial allegations" involving three instances between November 2007 and

6

April 2008 where Cooper acted in a manner that was excessively aggressive, angry, and physically threatening, and the 2003 incident where Cooper went "ballistic" were not sufficiently severe to alter the conditions of Smith's employment and create a hostile work environment. As to the frequency of the alleged conduct, it was notable that Smith complained that Cooper's interactions with her were infrequent and that he ignored her. Taking the cumulative effect of Cooper's lack of communication, his make-work assignments, his "petty slights," the screaming incidents, and the other conduct Smith identified, Smith failed to show that the conduct was sufficiently severe or pervasive to state a hostile-work-environment claim.

## II.

Title VII also prohibits retaliation in the employment arena:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). A plaintiff must first establish a *prima facie* case by either direct or circumstantial evidence. *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1266 (11th Cir. 1999) (discrimination case). A retaliation claim based on circumstantial

7

evidence is analyzed according to the burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Goldsmith v. City of Artmore*, 996 F.2d 1155, 1162-63 (11th Cir. 1993). Accordingly, once the plaintiff has met her burden of establishing a *prima facie* case of retaliation, the employer "may come forward with legitimate reasons for the employment action to negate the inference of retaliation." *Id.* at 1163. If the employer offers legitimate reasons for the employment action, "the plaintiff then bears the burden of proving by a preponderance of the evidence that the reasons offered . . . are pretextual." *Id.*

Here, the record is undisputed that NCH offered a legitimate, non-retaliatory reason for eliminating Smith's position and terminating her employment, and Smith failed to carry her burden of demonstrating that NCH's proffered explanation was pretextual. Smith's position was eliminated because her entire practice group was eliminated, and while some of Smith's duties outside of the radiation oncology practice were retained, those duties were assumed by other NCH employees. NCH satisfied its burden to provide legitimate business reasons for terminating Smith and the court did not err in concluding that none of Smith's arguments met NCH's reasons head on. Because there was ample evidence that Smith's termination was due to legitimate business reasons, NCH was entitled to summary judgement on

Smith's retaliation claim.

III.

For the same reasons described above, we affirm the district court's grant of summary judgment to NCH on Smith's gender discrimination claim.

**AFFIRMED.**